[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFFS MOTION FOR PARTIAL SUMMARY JUDGMENT DATED FEBRUARY 9, 1999
By way of a five-count second amended complaint, plaintiff Pieragostini Frasca Woodworking, Inc. (PFWI) alleges that defendant Signores Auto Services, Inc. d/b/a Signore Motors (Signore), agreed to sell PFWI a 1985 Jaguar automobile for $12,000. Payment was to be structured through an $8,000 cash payment, with the remaining $4,000 paid through a construction allowance. PFWI seeks recision of the agreement in count one on the ground that S ignore has violated Connecticut's Retail Installment Sales Financing Act (RIFSA). PFWI alleges in counts two and three that Signore improperly repossessed the automobile pursuant to General Statutes § 42a-9-504 and MESA, respectively. PFWI alleges in count four that Signore took the vehicle without any legal entitlement and therefore is liable to PEWI for triple the value of the vehicle pursuant to General Statutes § 52-564, the civil theft statute. PFWI alleges in count five that Signores actions constitute a violation of the Connecticut Unfair Trade Practices Act (CUTPA). PFWI moves for summary judgment as to counts one and three. S ignore has filed a memorandum in opposition to PEWIs motion. The matter was heard by the court on March 1, 1999.
PFWI argues that the retail installment contract failed to comply with RIFSA because it did not contain all of the agreements of the parties. Specifically, PFWI contends that the contract did not include the agreement for the provision of the $4,000 construction allowance, and included fictitious and inflated charges. PFWI also contends that S ignore omitted the statutory notice provisions concerning the right to require a resale of the property if repossessed, and failed to comply with the repossession statutes. PEWI further argues that its representatives were not given a copy of the agreement at the time the agreement was signed. Signore disputes the facts as recited in PEWI's memorandum and supporting affidavit, but offers no argument or supporting affidavit explaining how those facts CT Page 3215 are inaccurate.
The agreement between the parties, entitled "Promissory Note Retail Installment Contract." indicates the cash price of the vehicle is $8,000. Payment for the vehicle is to be made by way of a $5,000 cash down payment, and subsequent payment of $3,000 plus $680 for license, title and registration fees. (Motion For Summary Judgment, Affidavit of Domenick Frasca, Exhibit A. Promissory Note Retail Installment Contract). PEWI paid to Signore the sum of $8,680. (Affidavit of Domenick Frasca ¶ 10). A purported part two of the agreement provides that payment is to be made by a $5,000 deposit, the payment of $3,000 within 30 days and a $4,000 construction allowance, calling for work to be completed within six months. (Affidavit of Domenick Frasca, Exhibit B). Part two of the agreement does not include an additional amount of $680 to be paid by PFWI for fees. Part two, including the $4,000 construction allowance, is contained in a separate letter prepared by Domenick Frasca on PFWI letterhead. (Affidavit of Domenick Frasca ¶ 9). Frasca also avers that the Promissory Note Retail Installment Contract do not contain the entire agreement between the parties and makes no reference to the construction allowance. (Affidavit of Domenick Frasca ¶ 8).
It is not possible, given the state of the evidence submitted, for this court to determine what the terms of the contract were and whether the terms have been met. Exhibit A of the plaintiff's supporting affidavit, the Promissory Note Retail Installment Contract, is marked as "Part 1 of 2." Exhibit B, the construction allowance portion of the agreement is marked as "Part 2 of 2." Although some of the terms of payment contained in Exhibits A and B overlap, Exhibit A contains additional terms not included in Exhibit B, and vice versa. In addition, apart from the handwritten markings that Exhibit A is part one and Exhibit B is part two of the same agreement, neither exhibit refers to the other. Neither Exhibit A nor Exhibit B acknowledge the existence of the other or refer to the others terms. Thus, Exhibits A and B contain different terms of payment, and there is no evidence that they are to be read as one agreement. Therefore, the court finds that there are patent ambiguities within and between Exhibits A and B which create genuine issues of material fact.
In addition, even assuming that Exhibits A and B are to be read as one agreement and disregarding the inconsistencies CT Page 3216 between them, there is a latent ambiguity in Exhibit B. Exhibit B provides: "Work to be completed within six month period." There is no evidence indicating when the six month period commences, and there is no information describing the work to be completed. PFWI's repossession claims are based in part on the theory that they were asked by Signore seven months after the "agreement" was executed to perform the construction, and that PFWI was not afforded six months to perform the construction work. The meaning of the six month term in Exhibit B is ambiguous, however, and creates another genuine issue of material fact.
Accordingly, as the moving party, PFWI has failed to carry its burden of demonstrating that there are no genuine issues of material fact in dispute, and its motion for summary judgment is denied.
NADEAU, J.